IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANCIS JOSEPH FISCHER and KAY FISCHER,

        Plaintiffs,

  v.

ASBESTOS COMPANIES, et al.,

        Defendants.

                                          /

No. C 10-04446 WHA

**ORDER REMANDING ACTION TO STATE COURT**

        This action was filed in state court alleging four state-law claims. Three defendants removed the action on the basis of federal-officer jurisdiction. Plaintiffs then dismissed the three defendants and "stipulated" to remand this action back to state court. This order interprets plaintiffs' "stipulations" with attending proposed orders as a request for the Court to exercise its discretion to remand this action to state court. Because no parties asserting original federal jurisdiction remain, this order remands this action to state court.

        A defendant may remove a civil action for which original federal jurisdiction exists from state court to federal court. 28 U.S.C. 1441(a). In the present case, all claims are state-law claims. Defendants Carrier Corporation, General Electric Company, and John Crane Inc. based removal on federal-officer jurisdiction. *See* 28 U.S.C. 1442(a)(1). Plaintiffs filed a motion for remand, but this action was subsequently reassigned to the undersigned, requiring plaintiffs to renotice their motion. Instead of doing so, they dismissed the three removing defendants. Accordingly, because the parties did not fully brief the question of whether federal-officer

jurisdiction was properly asserted to begin with, and because arriving at an answer would not change the ultimate disposition of the issue presented, it will be assumed, but not decided, that removal was proper based on original federal jurisdiction.

"[I]t is within the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the state court from which it was removed." *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986). This order finds that "judicial economy, convenience, fairness, and comity . . . point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). This case was removed only two months ago. There has been little investment of resources into litigation in this forum. It would be just as easy to try this case in state court as federal, both being local. The complaint asserts only state-law claims. And, most importantly, the only parties asserting a desire for a federal forum have been dismissed from this action at an early stage.

The dismissal of Carrier Corporation, General Electric Company, and John Crane Inc. means that the original basis of jurisdiction no longer exists. The remaining suit consists solely of state-law claims. No party still seeks a federal forum. Accordingly, supplemental jurisdiction will not be exercised and plaintiffs' request for remand is **GRANTED**. The Clerk shall remand this action to the Superior Court of California, County of San Francisco.

**IT IS SO ORDERED.**

Dated: November 29, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2